UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ANIBAL LARA, on behalf of
himself and on behalf of all
others similarly situated,

    Plaintiffs,

v.                                                                Case Number:

STERLING JEWELERS, INC., *d/b/a*
JARED GALLERIA OF JEWELRY,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Named Plaintiff, ANIBAL LARA, individually and on behalf of all other similarly situated employees (collectively "Plaintiffs"), brings claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA"), against Defendant STERLING JEWELERS, INC., d/b/a JARED GALLERIA OF JEWELRY ("Defendant Espinoza"), ("Defendant"), and alleges as follows:

### INTRODUCTION

1. This lawsuit is a collective action brought by Named Plaintiff, ANIBAL LARA, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA"), on behalf of himself and all similarly-situated individuals who worked for Defendant for the last three years as non-exempt Assistant Managers.

2. This lawsuit is a result of Defendant's failure to pay Plaintiffs all lawfully earned and due wages, specifically unpaid overtime.

3. Defendant regularly required Plaintiffs to work during their meal breaks without compensation.

4. Naturally, for any Assistant Manager employed by Defendant who worked 40 or more hours in a workweek (as was the normal and customary schedule of Plaintiffs), any interrupted meal break or work during a meal break necessarily creates a violation of the FLSA's overtime wage provisions because it represents unpaid time worked over forty (40) hours in a given workweek.

5. All Plaintiffs regularly were scheduled to work, and in fact did work, more than 40 hours a week. Thus, each interrupted meal break will more often than not reflect 30 minutes of unpaid overtime, which is actionable and compensable under the FLSA.

6. Simply put, Defendant regularly paid no wages for work performed during Plaintiffs' scheduled meal breaks, even though Plaintiffs' regularly work during these 30-minute meal breaks, and even though Defendant or Defendant's customers regularly interrupted Plaintiffs during their meal breaks.

7. Defendant knows that its hourly-paid employees regularly do not receive an uninterrupted 30-minute meal break. Defendant owes Plaintiffs one-and-a-half times employees' regular rate of pay for each interrupted 30-minute meal break as, almost invariably, Plaintiffs worked 40 or more hours each regularly scheduled workweek.

8. The putative class Plaintiffs seeks to have certified is defined as follows:

**All individuals who were employed or are currently employed by Defendant as an Assistant Manager in the United States during the three years preceding the filing of this lawsuit through the date of judgment.**

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction." This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant resides in and conduct business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District

## PARTIES

11. Defendant Sterling Jewelers, Inc., is a wholly owned subsidiary of UK-based Signet Jewelers Limited with its principal place of business in Ohio. Defendant does business in the State of Florida and nationwide.

12. Defendant is an employer as defined under the FLSA, 29 U.S.C. § 203(d). Defendant, at all times relevant to this action, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203(s). The annual gross sales volume of Defendant exceeded $500,000.00 per year at all times relevant to this action.

13. Plaintiff Anibal Lara currently is a resident of Pembroke Pines, Florida. Additionally, Plaintiff worked for Defendant as a non-exempt Assistant Manager during the applicable statute of limitations period. Plaintiff was employed by Defendant as an "employee" as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(l) and regularly worked in excess of 40 hours per week.

## GENERAL ALLEGATIONS

14. Defendant operates retail locations in numerous states across the country. Upon information and belief, Defendant operates retail locations in the following states, including, but not limited to, Florida, New York, Georgia, Ohio, North Carolina, New Jersey, and Illinois. These retail locations collectively employ thousands of hundreds of Assistant Managers.

15. Defendant pays Plaintiff and all Assistant Managers (hereinafter "the Putative Class Members") who are similarly situated on an hourly basis.

16. Defendant and also classified Plaintiff and the Putative Class Members as "non-exempt" under the FLSA.

17. Plaintiff and the Putative Class Members not paid overtime for all hours worked, including as to time spent working off the clock.

18. For example, Defendant has a policy requiring all Putative Class Members take a 30 minute lunch break and that time is deducted from their pay regardless of whether Plaintiff and the Putative Class Members are actually working, or not.

19. Despite agreeing to pay Plaintiffs and opt-in Plaintiffs for all time worked, and agreeing to pay overtime for any missed or interrupted meal break that occurred during a shift, Defendant regularly failed to do so. Indeed, it was Defendant's common and customary practice to require Assistant Managers to miss meal breaks or to interrupt Assistant Managers on their meal breaks to perform work without compensation.

20. Defendant also violated the FLSA by failing to keep accurate time records. Defendant failed to track its employees' meal breaks. In other words, Defendant failed to

keep records of whether its Assistant Managers' 30-minute meal breaks were interrupted, missed or taken without interruption.

21. Defendant's policy and practice was that employees would clock in at the beginning of their shift and clock out at the end of the work day. Defendant did not permit the employees to clock-in and out at lunch. Instead, Defendant simply automatically deducted 30 minutes each day from Plaintiffs' time, on the erroneous assumption that each Assistant Manager actually received a bona fide, uninterrupted 30-minute meal break.

22. Also, Defendant discouraged and failed to permit Plaintiffs to change their own timecards to reflect a missed or interrupted meal break.

23. In sum, Defendant violated the FLSA by automatically deducting 30 minutes each day for meal break times regardless of whether a bona fide 30-minute meal break was actually taken. During the relevant statutory period, Plaintiffs and opt-in Plaintiffs repeatedly failed to receive a bona fide 30-minute meal break and worked through their purported meal break.

24. Defendant's policy and its practice (hereinafter "On-Duty Meal Policy") was uniform and applied to all Assistant Managers across the country.

25. Equally, in violation of Section 11 of the FLSA Defendant did not maintain proper time records reflecting whether Plaintiffs took meal breaks or worked through meal breaks during the statutory period despite federal law requiring Defendant to keep and record all employees' time worked.

26. Plaintiffs were subject to Defendant's uniform policies and practices and were victims of Defendant's' schemes to deprive them of regular wages and overtime pay.

As a result of Defendant's improper and willful failure to pay Plaintiffs in accordance with the requirements of the FLSA, Plaintiffs lost wages and suffered other damages.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs re-assert and re-allege the allegations set forth in paragraphs 1 through 24 above.

28. Plaintiffs bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) defined as follows:

> **All individuals who were employed or are currently employed by Defendant as an Assistant Manager in the United States during the three years preceding the filing of this lawsuit through the date of judgment**.

29. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

30. Plaintiffs, individually and on behalf of all other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant' practice of failing to accurately record all hour worked and failing to pay employees for all hours worked, including overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

## COUNT I – FLSA OVERTIME VIOLATION

31. Plaintiffs re-assert and re-allege the allegations of paragraphs 1 through 30 above.

32. Plaintiffs bring this case as a collective action pursuant to 29 U.S.C. §216(b) to recover unpaid overtime compensation, liquidated damages, injunctive relief, attorneys' fees and costs, and other damages owed.

33. This action is properly maintained as a collective action because the Plaintiffs and are similarly situated with respect to job title, job description, training requirements, job duties, compensation plan, Defendant's On-Duty Break policy, Defendant's failure to pay overtime hours, and the wage and hour violations alleged in this Complaint, among other similarities.

34. Defendant violated the FLSA by failing to pay for all overtime hours worked. In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by their employees.

35. Section 13 of the FLSA, codified at 29 U.S.C. § 13, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemption apply to Plaintiffs or employees.

36. Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

37. Defendant acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described

pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

38. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs and all similarly situated employees. Accordingly, Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and all employees similarly situated who join in this action demand:

a. Issuance of notice as soon as possible to all Assistant Managers who were employed by Defendant during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid overtime compensation for all hours worked over forty in any week during the statutory period;

b. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

c. Judgment against Defendant that its violation of the FLSA was willful;

d. An equal amount to the overtime damages as liquidated damages;

e.  To the extent liquidated damages are not awarded, an award of prejudgment interest;

f.  All costs and attorney's fees incurred in prosecuting these claims;

g.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

h.  Leave to amend to add claims under applicable state laws; and

i.  For such further relief as the Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby request a trial by jury on all issues so triable.

Dated this 23rd day of July, 2019.

Respectfully submitted,

*/s/ Brandon J. Hill*

**BRANDON J. HILL**
Florida Bar Number: 37061
**LUIS A. CABASSA, P.A.**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct: 813-337-7992
Main: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: jcornell@wfclaw.com
Email: rcooke@wfclaw.com
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorney for Plaintiffs**

      **and**

      **CHAD A. JUSTICE**
      Florida Bar Number: 121559
      **JUSTICE FOR JUSTICE LLC**
      1205 N Franklin St., Suite 326
      Tampa, Florida 33602
      Direct No. 813-566-0550
      Facsimile: 813-566-0770
      E-mail: chad@getjusticeforjustice.com
      **Attorney for Plaintiff**